(C. D. 595)

W. X. HUBER CO. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided February 19, 1942)

*Philip Stein* for the plaintiff.
*Paul P. Rao,* Assistant Attorney General (*Richard F. Weeks,* special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: These are suits against the United States, arising at the port of Los Angeles, brought to recover certain customs duties alleged to have been improperly exacted on particular importations invoiced as "sets Glass Xmas Bulbs 9 pcs." Duty was levied thereon at the rate of 35 per centum ad valorem under paragraph 353 of the Tariff Act of 1930 as parts of articles having as an essential feature an electrical element or device. The bulbs affixed to the sets are claimed to be separately dutiable at the rate of 20 per centum ad valorem under the *eo nomine* provision in paragraph 229 of said act for incandescent electric-light lamps or bulbs.

A sample of one of the lighting sets in question was admitted in evidence as exhibit 1. The said bulbs are in various sizes, shapes, and colors, and are of a decorative nature.

In addition to the exhibit, the plaintiff offered in evidence the testimony of Y. Shimizu, general manager and secretary of the Sachi

Trading Co., the ultimate consignee and the real importer of the merchandise herein. He testified in part as follows:

Q. There were nine wires with a small socket in each of them in which a bulb was placed so that you had nine bulbs fitted or placed in the nine wires?—A. That's right, yes.

Q. Could any of the bulbs which you imported in these shipments fit into any of the sockets that went with these pieces?—A. Yes.

Q. Did the sets, themselves, that is the wires, have bulbs already in them?—A. Yes.

Q. Could those be screwed out and others put in there then?—A. If you wanted them.

 *   *    *    *    *    *    *

Q. You could use another bulb of the same dimensions?—A. Yes.

 *   *    *    *    *    *    *

Q. Mr. Shimizu, what happens when one of these bulbs burns out that came with these sets here?—A. You have to change the bulbs.

Q. You can put in another bulb?—A. Yes.

Q. Where do you get another or additional bulbs?—A. You buy them from some other store.

Q. You can buy them here?—A. Yes.

It appears that similar merchandise to that here involved was before this court in the case of the *German American Import Co.* v. *United States*, T. D. 46488, 63 Treas. Dec. 1130. There, certain Christmas-tree lighting sets composed in chief value of metal, each set operating as a unit and consisting of 16 incandescent lamps, each installed in its separate socket, the whole being connected with the necessary wiring or cord, at the end of which was a plug for connecting the set with the electric current, were assessed with duty at the rate of 45 per centum ad valorem under paragraph 397 of the Tariff Act of 1930 as manufactures of metal not specially provided for. It was claimed that said articles were properly dutiable at the rate of 20 per centum ad valorem under paragraph 229 as incandescent electric-light bulbs and lamps with metal filaments; or, alternatively, at the rate of 35 per centum ad valorem under paragraph 353 as electrical articles. We there held that the sets were something more than electric-light lamps or bulbs within the meaning of said paragraph 229, and sustained the claim alleged under paragraph 353.

In order to have sustained the claim that these bulbs are separate entities and as such dutiable under said paragraph 229, it was incumbent upon the plaintiff to show that the bulbs had not lost their identity as such when they were incorporated in and became part of the lighting sets, and that they were not integral and essential parts of such sets without which the latter would be incapable of performing the function for which the set was made. This proof the plaintiff has failed to introduce herein.

All claims of the plaintiff are therefore overruled and the decision of the collector is affirmed. Judgment will be rendered accordingly.